𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HUNTER v. BEACH.

APRIL 2nd, 1885.

CONSTRUCTION OF DEEDS—*Case at bar.*—In 1865, H. conveyed in trust, to
secure a debt to B., the west half of his land, whereon a debt to M. had
already been secured. In 1876, H. conveyed the east half in trust, to
secure, (1) the interest on a debt to D., and (2) the interest and princi-
pal of the other debts secured on any portion of said land, out of the
rents, &c., thereof, during five years; and in trust that, if the debt to
D. was not paid in that period, then the trustee should sell the prop-
erty, and pay (1) the debt to D ; (2), anything remaining of the other
debts therein provided for ; and (3), the remainder to H. In 1880, H.
contracted to marry S., and, in consideration of the marriage, conveyed
to her the east half. The west half was sold under a decree of court,
and its proceeds were consumed in paying the debt to M., leaving B.
no other security than the trust on the east half; and the debt to D.
being overdue and unpaid, B., in 1881, brought his suit to enforce said
trust for his own benefit, subject to D.'s debt.

HELD:

B.'s debt is embraced in the deed of trust on the east half, subject to
D.'s debt.

Appeal from decree of circuit court of Alexandria county,
entered November 8th, 1882, in the suit of S. Ferguson Beach
against Alex. Hunter and others. The object of the suit was
to construe and enforce for the payment of a debt due by Hun-
ter to Beach, a trust deed on the east half of Hunter's tract of
land called "Abington," in said county, which the latter had,
in consideration of marriage, subsequently conveyed to Alice
A. Swain, who, later, became his wife. The decree of the cir-

cuit court was in favor of Beach, and from it Hunter and wife obtained an appeal to this court.

Opinion states the case.

*Charles E. Stewart,* for the appellants.

*G. A. Mushbach;* for the appellee.

RICHARDSON, J., delivered the opinion of the court.

The single question in this case is, is the debt due by the appellant, Alex. Hunter, to the appellee, S. Furguson Beach, secured by the trust deed from said Hunter to Arthur Herbert, trustee, of date February 15, 1876?

The case is this: In 186-, the estate known as "Abington," in Alexandria county, the property of Alex. Hunter, and situated on the Alexandria and Washington railroad, about midway between the cities of Alexandria and Washington, in the District of Columbia, was sold by the direct tax commissioners appointed for the state of Virginia under the act of congress, of June 7th, 1862, entitled, "An act for the collection of direct taxes in insurrectionary districts within the United States, and for other purposes," as having been forfeited to the United States under the provisions of said act.

The "Abington" estate consists of some 500 acres of land, situated on said railroad as aforesaid, and divided thereby into two nearly equal parts, the part on the east side of said road, and between it and the Potomac river, being much the more valuable.

In 1865, the appellee, S. Furguson Beach, an attorney-at-law, was employed by the appellant, Alexander Hunter—to whom the estate would belong, if the supposed forfeiture could be set aside—to institute and carry on the legal proceedings necessary for its recovery. After long and laborious litigation, extending through the whole succession of courts, from the circuit court

of Alexandria to the Supreme Court of the United States, (see *Bennett* v. *Hunter*, 18 Gratt. 100, and *Bennett* v. *Hunter*, 9 Wall. 326) the estate was restored to said Hunter.

For the services thus rendered, and for some cash advances made in aid of the litigation on Hunter's behalf, said Hunter executed to Beach two bonds, each for $1087.50, dated March 21, 1872, and payable two years after date, with interest at the rate of eight per cent. per annum. As security for the payment of these bonds, said Hunter executed a deed of trust bearing even date with said bonds upon *the portion of "Abington" lying on the west side of the railroad:* there being on said *west half* of Abington at the time, a previous trust deed from said Hunter to C. W. Wattles, trustee, to secure to W. S. Mitchell a debt of $2,346.85.

On the 15th day of February, 1876, said Hunter, by deed, conveyed all that part of Abington lying east of the railroad to Arthur Herbert, in trust to secure to Henry G. Dulaney the payment of six thousand dollars, evidenced by said Hunter's note to said Dulaney for that amount, of even date with said deed, payable five years thereafter, with interest from date, payable semi-annually.

Having thus conveyed said eastern, and far the most valuable half of Abington, to secure said Dulaney debt, the deed then proceeds: "And in further trust, to receive, collect, and take charge of the rents, issues and profits of the said tract of land, and apply the same to the payment of the interest on the said sum so due as herein specified, *and on the interest and principal of the other debts due by the said party of the first part, and secured on any portion of the said Abington estate,* for and during the said term of five years from the date of this deed, or on the principal of the debt hereby secured, provided there may be any surplus of said rents, issues and profits applicable thereto. And the said party of the first part, doth further *grant unto the party of the second part, the rents, issues and profits of the remaining portion of said Abington tract not hereinbefore conveyed,* subject to the

same trusts, but without prejudice to the rights of the party of the first part to sell and convey away any portion of the remainder of said trust, and with the limitation of said trust as to any portion that may be sold by him to the time at which any such sale shall be made. And should the party of the first part fail to pay *the sum herein first secured when it shall fall due,* or should he fail to pay out of the rents, issues and profits of said lands as herein conveyed, or in some other manner, the interest *on said sum,* according to the tenor of his obligation, then, and in the event of his being in default for the period of thirty days, *the trustee herein* of the second part may proceed to sell the property hereby conveyed, at public auction, to the highest bidder, at some public place, &c., &c., upon terms of cash in hand for enough to cover costs and pay a reasonable amount of the sum for which there may be default, and of equitable credit for the residue; *and shall,* out of the proceeds of said sale, pay off and discharge, after paying costs and expenses, *first,* the said debt to said H. G. Dulaney; *second, anything remaining of the debts herein provided for;* and *third,* to pay over the remainder to the said party of the first part."

To bring sharply to view the point at issue, I have italicised such expressions therein as must control the construction to be given to this deed.

Later, to wit, on the 10th day of June, 1880, in consideration of a marriage then agreed upon and thereafter to be consummated between said Alexander Hunter and Alice A. Swain, the said Hunter by deed conveyed to said Alice A. Swain the eastern half of said "Abington estate," being the same conveyed in said deed of February 15th, 1876, to secure said Dulany, and for other purposes.

Arthur Herbert, trustee, accepted the trusts created by said deed of February 15th, 1876, and in the course of the execution thereof paid to the appellee, Beach, out of the rents and profits received by him, the sum of $125, which was credited on the debt secured to Beach, leaving due thereon as of July

21st, 1881, the sum of $3,674. The other debt, that due to W. S. Mitchell, and secured on the west half of "Abington," was paid by the proceeds of a sale thereof, made under a decree of the circuit court of the county of Alexandria, in the suit of *Carlin* v. *Hunter et al.*, the proceeds being just sufficient, and no more than to pay the same, leaving Beach no other security than what he may have by virtue of the provisions aforesaid in the deed to Herbert, trustee, of 15th February, 1876.

In this state of circumstances, the Dulaney debt being overdue and unpaid, with accumulations of interest, S. Ferguson Beach, the appellee here, filed his bill in the circuit court of Alexandria, setting forth substantially the facts aforesaid, alleging that by the terms of said trust deed from Alexander Hunter to Arthur Herbert, the portion of the "Abington" estate east of the Alexandria and Washington railroad, is liable to the satisfaction of the debt due to said Dulaney and the debt due to said Beach; and to the end that sale be made thereof, for that purpose, prayed that Alexander Hunter, Arthur Herbert, Henry G. Dulaney and Alice A. Swain, be made defendants to this bill, &c., and for general relief. Since the institution of this suit, the marriage between Alexander Hunter and Alice A. Swain has been consummated.

Neither of the defendants answered the bill; and the cause having been regularly matured, came on to be heard in the circuit court of Alexandria county, upon the bill taken for confessed as to the defendants, Arthur Herbert, Henry G. Dulaney and Alice A. Swain, and the defendant, Alexander Hunter, then appearing by counsel, and consenting thereto, a decree was entered referring the cause to a commissioner to ascertain and report the liens and the order thereof, with their amounts, on that part of said Abington estate east of said road; and to state and settle the account of Arthur Herbert, trustee, under the deed of trust to him in the bill mentioned, &c.

The commissioner reported, (1) as the prior and superior lien on said eastern half of "Abington," the said debt secured

thereon to Dulaney, being as of February 15, 1882, principal $6,000, and interest $1,680; and (2) the said Beach debt, being as of March 21st, 1882, principal $2,275, and interest $1,740. Those were all the debts reported as liens. The commissioner reported specially the claim by said Alexander Hunter that he had conveyed said eastern half of "Abington" to Miss Alice Swain, in consideration of marriage, shortly thereafter to be consummated. Afterwards, and before the cause was heard, Alexander Hunter and Miss Alice Swain were married, and then the said Hunter and wife excepted to said report in so far as it ascertained the Beach debt to be secured by the deed from said Hunter to Arthur Herbert, trustee.

The circuit court of Alexandria county, at the hearing, to wit: on the 8th day of November, 1882, entered a decree over-ruling the exception thereto, and confirming the said commissioner's report, and directing said land to be sold. From that decree the case is here on appeal.

On the part of the appellants it is insisted that Mrs. Hunter is a purchaser for valuable consideration (marriage) of the east portion of Abington, and as such the owner thereof, subject only to the lien of the Dulaney debt created by the deed to Herbert, trustee, of February 15th, 1876. The appellee, Beach, claims that his debt, originally secured on the west half of Abington, but subject to the prior lien thereon of the Mitchell debt, is also secured on the east half of said estate by said deed of February 15th, 1876, which is prior in point of time to the deed under which Mrs. Hunter claims.

The deed of February 15th, 1876, certainly had for its primary object the security of the Dulaney debt; nor does it by name secure or provide for any other debt. But, as we have seen from the language of the deed, after securing the Dulaney debt, the deed raises a further express trust in behalf of the *interest and principal* of *the other debts* due by Alexander Hunter, and secured on "*any portion* of said Abington estate." We have seen that the Beach debt was then secured on the west half

of said estate, but was subordinate to the lien thereon by the Mitchell debt, and that said west half was subsequently sold and the proceeds entirely absorbed in the discharge of the last named debt. But the *further trust* thus raised, if read apart from and independently of the concluding paragraph in the deed, only dedicates the rents, issues and profits on the entire tract, for the period of five years and until the Dulaney debt became due, to the payment (1) of the interest on the debt, and (2) to the interest and *principal* of the *other debts* secured on *any portion* of said estate, which provision, to the extent named, necessarily embraced the Beach debt, which was theretofore secured on only the west part of said estate.

As to the rents, issues and profits thus dedicated, the trustee, Herbert, was directed to take charge of, receive and apply the same, according to the provision aforesaid. It will be observed that this provision of the deed, in respect to rents and profits, directed their application only to the interest on the Dulaney debt during the five years credit thereon, but to *principal* as well as interest on the Beach debt, thereby evincing an intention to better secure the Beach debt. This was then, clearly a provision for the Beach debt, for the period aforesaid, to the extent of the rents and profits, after paying the interest on the Dulaney debt; but this provision does not of itself devote the *corpus* of the estate conveyed by this deed (the east half), to the payment of the Beach debt. This, however, is done by the last clause in the deed, which provides, that in the event of default by Alexander Hunter of payment of the Dulaney debt thereby secured, when it becomes due, or on his failure to pay out of the rents and profits of said lands, or in some other way, the interest on said sum (the Dulaney debt), then, in the event of default therein for thirty days, the trustee, Herbert, was authorized to sell said east half, and after payment of costs and expenses, expressly directs the proceeds to be applied, first, to the discharge of the Dulaney debt; second, to *anything* remaining of the debts therein provided for; and third, to pay over the remainder to the said

Hunter. Unquestionably, by the preceding clauses, the Beach debt was embraced, and provision made therefor out of the rents and profits to arise during said period of five years; and inasmuch as, at the end of that period, except the sum of $125.00 paid thereon from said rents and profits, the Beach debt remained unsatisfied, with large accumulations of interest thereon; and inasmuch as, at the end of said period, the default in respect of the Dulaney debt, provided for, had occurred, the case provided for by the deed arose, and the *corpus* of the east half of said estate became charged with the payment of the whole of the Beach debt remaining unpaid, after first discharging the Dulaney debt. That this is clearly the import of the deed, when all its provisions are looked to, there can hardly be a doubt. This being so, and the deed being long prior to the deed under which Mrs. Hunter claims, her rights are subordinate to those of the appellee Beach. There is no error in the decree appealed from, and the same must be affirmed, with costs to the appellee.

DECREE AFFIRMED.